[No. 22534. Department One. July 22, 1930.]

GRACE ALWARD, *Appellant*, v. JAMES ALWARD, *Respondent*.[1]

*J. F. Aiken*, for appellant.
*W. G. Boland*, for respondent.

BEALS, J.—Plaintiff, Grace Alward, and defendant, James Alward, intermarried at Sandpoint, Idaho, August 18, 1923, plaintiff being then sixteen years of age. One child, a daughter, now six years of age, was born to the couple. During the month of December, 1928, plaintiff instituted this action, praying for a divorce on the grounds of cruelty and nonsupport, and asking that the custody of her daughter be awarded to her. Defendant appeared in the action and filed an answer, the child of the parties was taken into the custody of the court, and, after a lengthy hearing, the trial court entered judgment dismissing the action, declaring the child to be a dependent child, and awarding her custody to the juvenile department of the superior court until further order. From this judgment, plaintiff appeals.

[1]Reported in 290 Pac. 327.

Some time prior to the marriage of the parties, respondent, with his mother, brother and sister, was traveling from one town to another, he and his brother furnishing music for carnivals, the mother and sister operating sandwich stands at the amusement resorts at which the boys furnished musical entertainment. Appellant, then fifteen years old, joined the party as a dancer, the marriage of the parties following soon after. For several years following their marriage and the birth of their child, the parties lived with respondent's family, traveling here and there, appellant sometimes working picking fruit, respondent sometimes working as an upholsterer and sometimes as an entertainer, earning a precarious and rather inadequate livelihood. The parties seem to have quarreled almost continuously, indulging in mutual arguments and recriminations to the accompaniment of physical violence, in all of which the honors were fairly equally distributed.

The matrimonial establishment was several times broken and reestablished, appellant finally, in June, 1928, returning with her child to her mother's home in the city of Spokane, where she has since resided. A few days after Christmas, 1928, respondent went to Spokane and took the child from the mother, keeping possession of his daughter until she was taken from him and made a ward of the court in this proceeding. For some time after taking his daughter, respondent kept his whereabouts and that of the child a secret from appellant, writing her letters from different places, appellant contends in an effort to mislead her as to the whereabouts of her child, it being evident that appellant was for some time unaware of the place of respondent's abode.

Appellant testified that, during their life together, respondent had accused her of improper conduct, and

22

we are satisfied, from an examination of the record, that such accusations were cordially reciprocated by appellant. Testifying as a witness on his own behalf, respondent made it clear that he did not desire to resume matrimonial relations with appellant, and made accusations against appellant which she strenuously denied.

A detailed statement of the evidence is unnecessary, and would serve no good purpose. Respondent testified that, for over three years, he had not cohabited with appellant, and his attitude toward her and the statements he made concerning her indicate clearly that he is unwilling to resume marital relations with her. His conduct, in clandestinely assuming possession of the child and in keeping appellant in ignorance of the whereabouts of the little girl, was inexcusable. If, as he claims, he was honestly of the opinion that appellant was not taking proper care of her daughter and was permitting her to grow up amid improper surroundings, he could either have complained to the authorities, or, if he desired to take possession of his child, he could have done so openly, and, by advising appellant of the place where he was residing, could have afforded appellant an opportunity either to return to him, to acquiesce in his keeping the child, or to take such steps as she felt she was entitled to take under the law. While we agree with the trial court in holding that, for the present at least, the little girl should be made a ward of the court and remain under the custody of the juvenile authorities, we are of the opinion that the conduct of respondent was entirely unjustified, and that appellant has good reason to complain thereof.

An examination of the record convinces us that the testimony introduced by appellant shows that she was entitled to an interlocutory order against respondent.

In so far as the judgment appealed from denies her this relief, the same is reversed, with instructions to grant her such an order, with a reasonable attorney's fee and costs as against respondent, but without other financial award.

Appellant assails the judgment of the court adjudging her child a dependent child and a ward of the court, to remain in the custody of the juvenile department until further order. We are satisfied that, in this particular, the judgment of the trial court was correct, and as to this branch of the case the judgment appealed from is affirmed.

Reversed and remanded, with instructions to proceed in accordance with this opinion.

MITCHELL, C. J., PARKER, TOLMAN, and MILLARD, JJ., concur.